IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APPLICATION AND AFFIDAVIT OF THE ) | |
| UNITED STATES OF AMERICA FOR A ) | |
| SEARCH WARRANT OF A BROWN AND GOLD ) | MAGISTRATE NO. 21-3 |
| IN COLOR LOUIS VUITTON SHOULDER BAG ) | [UNDER SEAL] |

**AFFIDAVIT IN SUPPORT OF AN APPLICATION
UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE**

I, Jonathan C. Matson, being duly sworn, do hereby state the following:

1. I am employed by the Pennsylvania State Police and the Commonwealth of Pennsylvania and am currently assigned to the Bureau of Criminal Investigations, Northwest Strike Force Unit, (PSPBCI-NWSF) where I am responsible for conducting investigations into the sale and trafficking of illegal narcotics. I have been a member of the Pennsylvania State Police since November 5, 2007, and have been exclusively involved in undercover and special investigations for approximately six (6) years. In addition, I am federally deputized through the Federal Bureau of Investigation (FBI) and as such I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), and am empowered by law to conduct investigations and make arrests for offenses enumerated in 18 U.S.C. § 2516.

2. Your affiant has received training at the Pennsylvania State Police Academy in Hershey, Pennsylvania as well as basic and advanced illegal drug/narcotics investigations training conducted by the Pennsylvania State Police. Your affiant has received extensive training relating to the enforcement of the controlled substance and narcotics laws from the Pennsylvania State Police, Pennsylvania Narcotics Officers Association, DEA, and the Northeast Counterdrug Training Center. In addition, your affiant has successfully completed TOP GUN training, an intensive school focusing on undercover drug law enforcement operations, which was organized

by the Pennsylvania State Police, the Pennsylvania Office of Attorney General, and the Northeast Counterdrug Training Center in Fort Indiantown Gap, Pennsylvania.

3. Your affiant has participated in more than 300 illegal narcotic investigations. As a result, your affiant has interacted with career criminals; conducted undercover purchases of controlled substances; supervised controlled purchases of controlled substances; conducted traffic stops; conducted surveillance of drug traffickers to include suspected felons and members of criminal organizations; conducted consensual interceptions of communications; and served as the affiant on search warrants for drugs, blood, vehicles, stolen goods and explosives, as well as filed criminal complaints. Through these investigations and search warrants, your affiant has gained expertise relative to the methods used by persons participating in illegal narcotic criminal activity.

4. This affidavit is made in support of an application under Rule 41 of Federal Rules of Criminal Procedure, for a warrant to search for and seize evidence, instrumentalities, contraband, and fruits of violations of Title 18 United States Code, Section 924 (c) (possessing a firearm in furtherance of drug trafficking), Title 21, United States Code, Sections 841(a)(1) (manufacturing, distribution, or possession with the intent to manufacture or distribute a controlled substance), and 846 (drug conspiracy), from 721 East 7th Street, Erie, Pennsylvania, 16503.

5. The facts set forth in this affidavit are based on my personal knowledge, knowledge obtained during my participation in this investigation, knowledge obtained from other individuals, review of records related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, this affidavit does not set forth each and every fact learned by me during the course of this investigation.

6. I make this Affidavit in support of an application for the issuance of a search warrant for a brown and gold colored Louis Vuitton men's satchel style cross-shoulder bag with a brown strap. This bag is further described in Attachment A.

7. The following "Target Offenses" are the subject of this investigation:

a. Title 18 United States Code (U.S.C.) § 922(g) makes it a crime for a felon to possess a firearm.

b. Title 18 U.S.C. § 924(c) makes it a crime to possess a firearm during and in relation to any drug trafficking crime.

c. Title 21 U.S.C. § 841(a) makes it a crime to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

## PROBABLE CAUSE

8. On January 11, 2021, your affiant received information from Amtrak Police Department Officer Shawn McClister that Elias Dominique RAGGS would be traveling into the Erie, Pennsylvania Amtrak station from Chicago, Illinois on January 12, 2021. Officer McClister information that RAGGS had been taking frequent trips between Chicago, Illinois and Erie, Pennsylvania via Amtrak in a pattern that has previously been observed by law enforcement in drug couriers and distributors bringing controlled substances into the Erie, Pennsylvania region from Chicago and Detroit.

9. On January 12, 2021, your affiant arrived at the Erie, Pennsylvania Amtrak Station. RAGGS was observed getting off the train in Erie and was the first person off the train. When RAGGS exited the train, he jogged across the platform to the stairwell leading to the lobby. In

your affiant's experience, having conducted numerous train interdictions, an individual possessing contraband is nearly always the first person off the train and rushes to their destination.

10. When RAGGS exited the Erie, Pennsylvania train station he walked east on 14th Street. Pennsylvania State Police Troopers Joel Bridges and Brad Wolak were assisting your affiant with surveillance and advised your affiant that it appeared RAGGS was rolling, then smoking, a marijuana cigarette. Trooper Wolak advised he was able to smell marijuana.

11. When RAGGS approached State Street, Pennsylvania State Police Trooper Francis Fusco and your affiant approached RAGGS and identified ourselves. RAGGS was holding a marijuana cigarette. RAGGS was advised that he was being detained as part of a drug investigation. RAGGs related that he did not have a medical marijuana license. During a search incident to a lawful arrest, investigators recovered a plastic bag containing marijuana, and a foil bag containing marijuana residue.

12. A small brown and gold Louis Vuitton chest bag was removed from RAGGS during a pat down for weapons. While removing the chest pack, I noticed it was heavy. The small bag weighed approximately 5lbs. While looking at the bag on the ground I could clearly see the imprint of a handgun through the outside of the bag. Your affiant was able to confirm that RAGGS has multiple prior felony convictions which would prohibit his possession of a firearm including felony resisting arrest and escape in Illinois in 2015 and a felony drug conviction in Illinois also in 2015. In addition, RAGGS entered a guilty plea to a felony firearms violation in Pennsylvania in 2018 for which he is still under supervision.

13. Because of the circumstances of the arrest, and the fact that RAGGS' travel patterns were consistent with those I have previously observed in drug traffickers utilizing the Amtrak

system to bring drugs into Erie, Pennsylvania, the brown and gold Louis Vuitton bag was subjected to examination by drug canine "Knox".

14. Knox, a dog trained to detect controlled substances, along with his handler Pennsylvania State Police Trooper Francis Fusco, conducted the narcotics search.  Knox is certified as a drug detection dog for marijuana, cocaine, heroin, and methamphetamine.  Trooper Fusco informed me Knox has been used in numerous police searches and in training exercises and has shown a high proficiency in locating hidden drugs.  (Trooper Fusco and Knox's qualifications are attached hereto as Exhibit 1.)

15. Knox examined the brown and gold Louis Vuitton bag.  According to Trooper Fusco, Knox positively alerted to the bag, indicating the presence of controlled substances or proceeds of controlled substances within.

16. Based on your affiant's training and experience I believe there is probable cause that evidence of violations of Title 18, United States Code, Sections 922(g) and 924 (c), and Title 21 United States Code, Sections 841 have been committed by Elias RAGGS and other known and unknown persons and that evidence of those violations currently exists at 721 East 7th Street, Erie, Pennsylvania.

## CONCLUSION

17. Based on the forgoing, I request that the Court issued the proposed search warrant for a brown and gold colored Louis Vuitton men's satchel style cross-shoulder bag with a brown strap further described in Attachment A, as there is probable cause to believe that there is currently evidence of a crime, to include controlled substances and a firearm contained within the bag, as more fully described in Attachment B.

18. The above information is true and correct to the best of my knowledge, information, and belief.

*s/ Jonathan C. Matson*  
Trooper Jonathan C. MATSON

Sworn and subscribed before me, by telephone  
Pursuant to Fed. R. Crim. P. 4.1(b)(2)(A),  
this 12th day of January, 2021.

_____  
HON. RICHARD A. LANZILLO  
United States Magistrate Judge